IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY ALAN STARNER, #126830
       Plaintiff,

vs.                                    Case No. 5:07cv256/RS/EMT

RUTH JENKINS,
       Defendant.

---

## REPORT AND RECOMMENDATION

      Plaintiff initiated this action on October 12, 2007, by filing a civil rights complaint in the Middle District of Florida (Doc. 1).  The case was subsequently transferred to this District (*see* Doc. 5), and it is now before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 12).  Leave to proceed in forma pauperis has been granted (Doc. 8).

      Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.  Plaintiff completed section IV.C. of the civil rights complaint form, which asks "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 12 at 4).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" and put a question mark in quotations to the right of the parenthetical area (*id.*).  Next, when asked to describe the action referenced in question IV.C, Plaintiff listed one state court case, State of Florida v. Starner, Case Number CF-04-23 (*id.*).

Thus, Plaintiff has in effect stated that he has initiated no lawsuits in either state or federal court that otherwise relate to his imprisonment.  Additionally, section IV.D. of the civil rights complaint form asks "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*).  Thus, Plaintiff has in effect stated that he has initiated no lawsuits in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service**.**  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 11).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Case No. 1:01cv0757 in the United States District Court for the Middle District of Pennsylvania.[1]  Further review reveals that the aforementioned case certainly dealt with Plaintiff's imprisonment, as Plaintiff was confined at the Cumberland County Prison ("CCP") when he initiated the action, and he named as Defendants Early Reitz, CCP Warden; Helen Sneed, CCP Deputy Warden of Treatment; Richard Rivegno, a Cumberland County Commissioner; and Dr. Daniels, CCP physician (*see* Starner v. Daniels, et al., Case No. 1:01cv0757 (Judge Caldwell) (M.D. Pa.), Doc. 39 at 1).  The case was dismissed for failure to state a claim by United States District Judge William W. Caldwell on January 17, 2002 (*id.*, Doc. 39 at 13).

The information from Section IV of the form is useful to the court in a number of ways.  First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(g).  The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

---

[1]The date of birth of the plaintiff in the Pennsylvania case, September 10, 1955 (*see* Starner v. Daniels, et al., Case No. 1:01cv0757 (Judge Caldwell) (M.D. Pa.), Doc. 1, Ex. D) matches Plaintiff's date of birth in the instant case (*see* www.fldoc.com, inmate number 126830).

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action(s) was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 14th day of May 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**